UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KINGSBURY NAVIGATION LTD., § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:12-CV-1851 |
| § | |
| KOCH SUPPLY & TRADING, LP, § | |
| § | |
| Defendant. § | |

## OPINION AND ORDER

Pending before the Court is Plaintiff Kingsbury Navigation Ltd.'s ("Kingsbury") Motion for Reconsideration (Doc. 32), Defendant Koch Supply & Trading, LP's ("KS&T") response (Doc. 33), and Kingsbury's reply (Doc. 34). Upon review and consideration of the motion, the response thereto, and the relevant legal authority, the Court concludes that Kingsbury's motion should be denied.

**I.    Background**

On August 24, 2013, this Court issued its Opinion and Order (Doc. 30) granting KS&T's Motion to Compel Arbitration (Doc. 10) and dismissing Kingsbury's claims of tortious interference with contractual relations. While the Court acknowledged that "a nonsignatory to an arbitration agreement may invoke that agreement 'only in rare circumstances,'" the Court determined that KS&T, a non-signatory to a charter agreement between Kingsbury and KS&T's affiliate, Koch Shipping, could nonetheless invoke the arbitration clause contained in the charter under the doctrine of equitable estoppel, as adopted by the Fifth Circuit in *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524 (5th Cir. 2000) *reh'g en banc denied*, 218 F.3d 745 (5th Cir. 2000), *cert. denied*, 531 U.S. 1013 (2000). The Court analyzed the facts presented under the

two tests identified in *Grigson* for determining whether a nonsignatory can compel arbitration and concluded the facts satisfied both tests.

On September 16, 2013, Kingsbury filed its motion for reconsideration, asserting that the Court's order contains a "manifest error of law" in that the Court failed to consider the following two arguments raised by Kingsbury in opposition to KS&T's motion to compel arbitration: (1) that KS&T was "contractually debarred" from invoking the arbitration clause because Koch Shipping did not assign its rights under the charter to KS&T; and (2) that the Court did not consider that Kingsbury's claim of tortious interference with a second charter was not subject to arbitration under the clause in the first charter. Doc. 32 at 1.

## II.    Legal Standard

Kingsbury brings its motion under Federal Rule of Civil Procedure 59(e). A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. Hyrodchem, Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (*In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. 2001). Altering, amending, or reconsidering a judgment is an extraordinary measure that should rarely be granted and only when (1) there is an intervening change in controlling law; (2) the movant uncovered new evidence that was not previously available; or (3) there is a need to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A court has considerable discretion in determining whether to reopen a case in response to a motion for reconsideration under Rule 59(e). *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir.

1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (*en banc*).  In such a circumstance the court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

## III.    Discussion

Kingsbury's motion does not identify a manifest error of law; it simply reasserts arguments that were not resolved to its satisfaction.  Kingsbury's first argument—that KS&T was "contractually debarred" from invoking the arbitration clause because Koch Shipping did not make KS&T an assignee under the charter—ignores the legal basis for the Court's order.  The Court concluded that KS&T's right to arbitrate arises from the application of the doctrine of equitable estoppel, not from any rights received or assigned under the charter.  Kingsbury's claims both rely upon the written agreement containing the arbitration clause and they raise allegations of substantially interdependent and concerted misconduct between the signatory (Koch Shipping) and the non-signatory (KS&T).  Therefore, the doctrine of equitable estoppel was warranted under both of the *Grigson* tests.  Kingbury's second argument—that the Court did not consider that it raised two claims of tortious interference instead of one—is also without merit.  The Court's analysis applied equally to both of Kingsbury's claims of tortious interference.  Kingsbury's arguments lack merit and were already considered by the Court and rejected in the August 24 Order.  Furthermore, the authority cited by Kingsbury is obviously distinguishable from the facts presented and provides no support for its argument that the Court made a manifest error of law.

## IV.     Conclusion

Kingsbury has failed to demonstrate the existence of an intervening change in controlling law, newly discovered evidence, or a manifest error of law or fact. Accordingly, it is hereby

**ORDERED** that Kingsbury's Motion for Reconsideration (Doc. 32) is **DENIED**.

SIGNED at Houston, Texas, this 18th day of August, 2014.

                                     MELINDA HARMON
                              UNITED STATES DISTRICT JUDGE